UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF RICHMOND
Norfolk Division

**JIM SCRUGGS,**

    **Plaintiff,**

v.                                  **CIVIL ACTION NO. _____**

**CHW GROUP INC. and HOME
WARRANTY ADMINISTRATORS, INC.,**

    **Defendants.**

## COMPLAINT

COMES NOW, Jim Scruggs, Plaintiff, by counsel, and for his Complaint against Defendants CHW Group Inc and Home Warranty Administrators, Inc, he states as follows:

### INTRODUCTION

1. This case arises from Defendants' violation of federal and state law by repeatedly calling Mr. Scruggs after he instructed Defendants to not contact him. Here, Defendants' failure to abide by federal and state law caused Plaintiff Jim Scruggs anxiety, emotional distress, frustration, invasion of privacy, and lost time due to Defendants' ongoing, unwanted solicitation calls to Mr. Scruggs.

2. Both Congress and the Virginia Legislature have taken serious steps toward curbing the unwanted phone calls that plague consumers. Such marketing calls are illegal under either statutory scheme, with Virginia's prohibiting such calls using any method without the called party's consent.

3. The federal statute requires that the caller used an impermissible automatic telephone dialing system ("ATDS"), and that calls be made to cellular phone numbers.

4. Neither statute permits calling to one whose number is registered on the National Do Not Call List.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227, 28 U.S.C. § 1331, and *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

6. Supplemental jurisdiction of the state law claims regarding the same transactions and events is provided under 28 U.S.C. § 1367.

7. Venue is proper in this Court because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and Division. Plaintiff is a resident of this District and Division.

**PARTIES**

8. Mr. Scruggs is a natural person, Virginia resident, cellular telephone subscriber, and consumer.

9. CHW Group Inc. ("CHW") is a foreign corporation, formed in New Jersey. It is not registered to do business in Virginia. CHW's Registered Agent is listed as Victor Mandalawi, 1090 King George Post Road, Building 10, Edison, NJ 08837. CHW, by either making or causing others to make, telephone solicitation calls, is a Telephone Solicitor as defined by the Virginia Telephone Consumer Protection Act ("VTPPA"), Va. Code § 59.1-510.

10. Home Warranty Administrators, Inc. ("HWA") is a foreign corporation, formed in New Jersey. It is not registered to do business in Virginia. HWA's Registered Agent is listed as Allstate Corporate Services Corp, 66 Witherspoon Street, Suite 150, Princeton, NJ 08542. HWA,

by either making or causing others to make, telephone solicitation calls, is a Telephone Solicitor as defined by the VTPPA, Va. Code § 59.1-510.

## FACTS

11. On or around August 19, 2004, Mr. Scruggs registered his cellular phone number ending in 3953 (the "Phone Number") on the National Do Not Call Registry. He has never changed his cellular phone number, removed it from the list, or relinquished ownership of the number.

12. CHW and HWA (collectively "Defendants") first called Mr. Scruggs at the Phone Number on January 24, 2019 to attempt to sell services to Mr. Scruggs.

13. During this first call, Mr. Scruggs informed Defendants that he did not want Defendants to contact him further.

14. That same day, Defendants called Mr. Scruggs a second time at the Phone Number to attempt to sell services to Mr. Scruggs. Mr. Scruggs answered and again told Defendants to stop contacting him.

15. That same day, Defendants called Mr. Scruggs a third time at the Phone Number to attempt to sell services to Mr. Scruggs. Mr. Scruggs answered and again told Defendants to stop contacting him.

16. The next day, on January 25, 2019, Defendants called Mr. Scruggs again at the Phone Number to attempt to sell services to Mr. Scruggs. Mr. Scruggs answered and again told Defendants to stop contacting him.

17. That same day, Defendants called Mr. Scruggs a second time at the Phone Number to attempt to sell services to Mr. Scruggs. Mr. Scruggs answered and again told Defendants to stop contacting him.

18. That same day, Defendants called Mr. Scruggs a third time at the Phone Number to attempt to sell services to Mr. Scruggs. Mr. Scruggs answered and again told Defendants to stop contacting him.

19. On January 30, 2019, Defendants called Mr. Scruggs again at the Phone Number to attempt to sell services to Mr. Scruggs. Mr. Scruggs answered and again told Defendants to stop contacting him.

20. On January 31, 2019, Defendants called Mr. Scruggs again at the Phone Number to attempt to sell services to Mr. Scruggs. Mr. Scruggs answered and again told Defendants to stop contacting him.

21. These repeated calls caused Mr. Scruggs anxiety and emotional distress.

22. Mr. Scruggs expended considerable time and energy to try to get Defendants to stop calling him.

### COUNT ONE:
*Repeated Unwanted Telemarketing Calls*
*in Violation of the Telephone Consumer Protection Act*
**47 U.S.C. § 227**

23. Mr. Scruggs realleges and incorporates all other factual allegations set forth in this Complaint.

24. Defendants made repeated telemarketing calls to Mr. Scruggs' cellular phone despite his having registered the number on the National Do Not Call List.

25. Defendants further repeatedly made telemarketing calls to Mr. Scruggs after he informed Defendants, unequivocally, to stop contacting him on his cellular phone.

26. Defendants made these repeated calls without instituting procedures to maintain a do not call list in violation of 47 C.F.R. § 64.1200(d).

27. These repeated calls were made without Mr. Scruggs authorization and disregarded Mr. Scruggs' designation of the Phone Number on the National Do Not Call List and were thus a violation of 47 C.F.R. § 64.1200(c)(2).

28. The violations of these regulations also constituted violations of the TCPA. 47 U.S.C. § 227(c)(5).

29. Defendants willfully and/or knowingly violated these regulations.

30. As a result of repeated unwanted telemarketing calls, Mr. Scruggs suffered actual damages including frustration, anger, stress, invasion of privacy, and other emotional and mental distress. He was also forced to spend time and resources to try to stop Defendants from contacting him.

31. As a result, Mr. Scruggs is entitled to recover $1,500 in statutory damages for each call in violation of the TCPA or his actual damages, whichever is greater. 47 U.S.C. § 227(c)(5).

**COUNT TWO:**
*Repeated Unwanted Telephone Solicitation Calls*
*in Violation of Virginia Telephone Privacy Protection Act*
**Va. Code § 59.1-514**

32. Mr. Scruggs realleges and incorporates all other factual allegations set forth in this Complaint.

33. Defendants repeatedly made telephone solicitation calls to Mr. Scruggs after he informed Defendants to stop contacting him.

34. Defendants also repeatedly made telephone solicitation calls to Mr. Scruggs' cellular phone after he registered it on the National Do Not Call List.

35. This repeated unwanted telephone solicitation calls were violations of the VTPPA. VA. CODE ANN. § 59.1-514(A),(B).

36. Defendants willfully violated the VTPPA. They are also jointly and severally liable for the violations. VA. CODE ANN. § 59.1-514.1.A.

37. As a result of these unwanted telephone solicitation calls, Mr. Scruggs suffered actual damages including frustration, anger, stress, and other emotional and mental distress. He was also forced to spend time and resources to try to stop Defendants from contacting him.

38. As a result, Mr. Scruggs is entitled to recover for $1,500 in statutory damages for each call in violation of the VTPPA, as well as reasonable attorney's fees and costs. VA. CODE ANN. § 59.1-515.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court to enter judgment for actual and statutory damages as pleaded; attorneys' fees and costs; pre-judgment and post-judgment interest to Mr. Scruggs; and such other relief, including equitable relief, as the Court deems just and appropriate.

**TRIAL BY JURY IS DEMANDED**

Respectfully Submitted,

**JIM SCRUGGS,**

By: /s/

Kevin A. Dillon (VSB # 93475)
CONSUMER LITIGATION ASSOCIATES, PC
626 E. Broad Street, Suite 300
Richmond, VA 23219
Telephone: 804-905-9904
Facsimile: 804-905-9902
Email: kevin@clalegal.com

Craig C. Marchiando (VSB # 89736)
CONSUMER LITIGATION ASSOCIATES, PC

763 J. Clyde Morris Blvd, #1a
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: craig@clalegal.com

*Counsel for Plaintiff*