IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CRAIG HICKS, *Plaintiff*, v. ALARM.COM INC., *Defendant*. | Civil Action No. 1:20-cv-532<br>Hon. Liam O'Grady |

## ORDER

This matter comes before the Court on Defendant Alarm.com Inc.'s Motion to Dismiss. Dkt. 11. There are three grounds for dismissal asserted in the motion: Rule 12(b)(6) challenge for failure to state a claim; Rule 12(b)(1) challenge for lack of Article III standing; or, alternatively, strike several of Plaintiff's allegations from the Complaint under Rule 12(f). The first two grounds under Rule 12(b) would dismiss the action in its entirety; the Rule 12(f) challenge would only strike a portion of the Complaint. The matter is fully briefed.

### I. BACKGROUND

Plaintiff Craig Hicks, on behalf of himself and all others similarly situated, seeks to certify three classes pursuant to Federal Rule of Civil Procedure 23(b) to bring a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and one class to bring suit under the Virginia Telephone Privacy Protection Act ("VTPPA"), Va. Code § 59.1-514 pursuant to the Court's jurisdiction under 28 U.S.C. § 1367(a). Count I is on behalf of the Plaintiff and the putative "Prerecord Class," alleging a violation of 47 U.S.C. § 227(b)(1); Count

**EXHIBIT A**

II is on behalf of the Plaintiff and the putative "Autodialed Class," alleging a violation of § 227(b)(1)(A) and (B); Count III is on behalf of the Plaintiff and the putative "Do Not Call Registry Class," alleging a violation of § 227(c)(5) and implementing regulations under 47 C.F.R. § 64.1200; and Count IV is on behalf of the Plaintiff and the putative "VTPPA Class," alleging a violation of Va. Code § 59.1-514. Plaintiff seeks injunctive relief as well as statutory damages.

Defendant Alarm.com offers alarms and related home security services. Plaintiff alleges Defendant markets its services using unsolicited, pre-recorded voice calls and text messages to consumers. Plaintiff Hicks registered his personal phone number on the national Do Not Call registry on January 12, 2014. Compl. ¶ 11. In early April 2020, Plaintiff received a text message from 954-507-9334 promoting home alarm services, allegedly sent by Defendant.[1] Plaintiff responded "STOP," but received another text message from Defendant a few days later. *Id.* ¶ 13. On April 9, 2020, Defendant allegedly called Plaintiff from 954-507-9334 using a pre-recorded voice that introduced itself as "Mark with home security promotion." *Id.* ¶ 17. The pre-recorded voice directed the consumer to call 844-916-0448; when dialed, that number allegedly connects to a person who identifies the company as Alarm.com. In support of the claims against Alarm.com, Plaintiff cites to directory.youmail.com and ShouldIAnswer.com, claiming other consumers have reported similar conduct. Compl. ¶¶ 19, 22. Plaintiff also states that Alarm.com has previously been sued over its TCPA violations.

Plaintiff leaves open the possibility—on information and belief—of a third party acting on Defendant's behalf, in which case Alarm.com provided access to its records, authorized use

---

[1] Plaintiff alleges Defendant uses "autodialers to send telemarketing text messages . . . this equipment [] allows for thousands of automated texts to be sent at one time;" the allegation from April 2020, however, is that Defendant sent the text message described. Compl. ¶¶ 14-16.

2

**EXHIBIT A**

of its trade name, controlled the content of the messages, and knew of the TCPA violations. *Id.* ¶ 21. Alleged harms include nuisance, loss of time, invasions of privacy, lost value of cellular services paid for, and a loss of the use and enjoyment of phones, including wear and tear to data, memory, software, hardware, and battery components.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

"Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move for dismissal when the Court lacks subject matter jurisdiction." *Kettler Int'l, Inc. v. Starbucks Corp.*, 55 F. Supp. 3d 839, 844 (E.D. Va. 2014) (footnote omitted). When challenging under Rule 12(b)(1), the "plaintiff[] bears the burden of proving that subject-matter jurisdiction exists." *The Piney Run Preservation Ass'n v. The Cty Com'rs of Carroll Cty., Md.*, 523 F.3d 453, 459 (4th Cir. 2008) (citing *Evans v. B.F. Perkins Co., a Div. of Standex Intern. Corp.*, 166 F.3d 642, 647 (4th Cir. 1999)). The plaintiff's burden to show standing is commensurate with the applicable standard of review at each stage of the litigation; "at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," as the Court must take the facts in the Complaint as true. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

"A defendant may challenge subject-matter jurisdiction in one of two ways: facially or factually." *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (citing *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). Facial challenges assert "that a complainant simply fails to allege facts upon which subject matter jurisdiction can be based." *Kerns*, 585 F.3d at 192. One such facial challenge is a lack of standing pursuant to Article III of the United States Constitution. *See Lujan v. Defs. of Wildlife*, 504 U.S. at 560 ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.").

**EXHIBIT A**

Standing, at its constitutional minimum, requires three elements. A plaintiff first must allege "an injury in fact–an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not conjectural or hypothetical.'" *Lujan*, 504 U.S. at 560 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)) (internal citations omitted). Second, standing requires a causal connection between the injury and the alleged conduct. *See id.* Finally, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 561 (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 43 (1976)).

### B. Rule 12(b)(6)

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007). A motion to dismiss pursuant to Rule 12(b)(6) must be considered in combination with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. "Rule 8(a)'s relatively low notice-pleading[] muster" does not require detailed factual allegations, but it does demand that a plaintiff provide more than mere labels and conclusory statements that the plaintiff is entitled to relief. *Smith v. Clark/Smoot/Russell, AJV*, 796 F.3d 424, 433 (4th Cir. 2015); *see also Twombly*, 550 U.S. at 555. "'In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) ... [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlotesville* [sic], *Va.*, 579

4

**EXHIBIT A**

F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir.2009) (internal quotation omitted)).

"When deciding a motion to dismiss under Rule 12(b)(6), a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *Sprye v. Ace Motor Acceptance Corp.*, No. CV PX 16-3064, 2017 WL 1684619, at *2 (D. Md. May 3, 2017) (alteration original) (quoting *E.I du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted)). Plaintiffs may not, however, rely on conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## C. **Rule 12(f)**

Federal Rule of Civil Procedure 12(f) states:

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
(1) on its own; or
(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

*Id.* "A matter is 'impertinent' or 'immaterial' if it is not relevant to the issues involved in the action." *Paul v. Gomez*, 190 F.R.D. 402, 403 (W.D. Va. 2000) (citing 2 James Wm. Moore, et al., MOORE'S FEDERAL PRACTICE § 12.37 [3] (3d ed. 1999)). Rule 12(f) motions allow courts and parties to avoid unnecessary expense of time and money on "spurious issues" by dispensing with them at the pleading stage. *United States v. $37,281.00 in U.S. Currency*, No. CIV.A. 3:06CV370DLK, 2007 WL 2710706, at *2 (W.D.N.C. Sept. 13, 2007); *see also Billips v. NC Benco Steel, Inc.*, No. 5:10CV95-V, 2011 WL 4829401, at *1 (W.D.N.C. Oct. 12, 2011).

5

**EXHIBIT A**

Rule 12(f) motions are generally disfavored because they are often employed as a dilatory tactic. *Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC*, 752 F. Supp. 2d 721, 726 (W.D. Va. 2010) (citing *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)). As such, "Defendant must demonstrate that the matter at issue is both 'prejudicial' and of the type 'envisioned' by Rule 12(f)." *Billips*, 2011 WL 4829401, at *1 (citing *Brown v. Ins. for Family Centered Servs., Inc.*, 394 F. Supp. 2d 724, 727 (M.D.N.C. 2005) (citations omitted)).

### III. DISCUSSION

#### A. <u>12(b)(6)</u>

Alarm.com moves the Court to dismiss the action in its entirety based on a failure to state a claim. Defendant's Rule 12(b)(6) challenge to Counts I-III includes, *inter alia*, allegations of conclusory statements, a lack of factual foundation, an inability to show vicarious liability as to Alarm.com,[2] and contradictory pleadings against it. Similarly, as Defendant argues Count IV is based on the same alleged call/texts and seeks essentially the same relief as Count III, Count IV must fail. The VTPPA claim is based on threadbare allegations like Count III, Defendant says, but is also barred because it seeks unlawful double recovery for the same injury under different legal theories, and because the VTPPA only affords potential damages for individual actions, not class actions.

Section 227(b) of Title 47 of the United States Code restricts the use of automated telephone equipment. Specifically,

> (1) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

---

[2] In Plaintiff's Opposition, he states he has not alleged vicarious liability, and "has alleged only that Defendant directly placed the calls at issue." Dkt. 16 at 9. As such, the Court need not address Defendant's vicarious liability arguments here.

6

**EXHIBIT A**

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States;
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1)(A)-(B).

To be sure, Plaintiff's allegations under § 227(b) against Alarm.com are lean, involving two text messages and one phone call. What is more, the connection between these communications and the named Defendant is factually flimsy. Perhaps conscious of this, Plaintiff improperly cites the Fourth Circuit's language for Rule 12(b)(6) review of a *pro se* complaint when asserting liberal construction of a complaint. *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014); Dkt. 16 at 6. The Complaint states that when 844-916-0448 is called, the person who answers identifies the company as Alarm.com. Compl. ¶ 18. This is important because it expressly names Defendant, and Plaintiff uses it repeatedly to connect Defendant to untethered allegations. Plaintiff then expressly directs the Court to websites in support of this claim, including https://www.shouldianswer.com/phone-number/8449160448. *Id.* ¶ 22. This support, thus incorporated into the Complaint, makes no express mention of Alarm.com, but rather only mentions "telemarketer," "Home Security," "Home Protection," and "There was no company name" given with the suggestion to call 844-916-0448. *Id.* (last visited Aug. 5, 2020). While the Court accepts Plaintiff's assertion regarding the Alarm.com representative as true, it

7

**EXHIBIT A**

need not construe the Complaint so liberally in Plaintiff's favor as to determine that the offered support actually corroborates the claim.

Defendant maintains there are no facts alleged that Alarm.com physically placed the April 9 call or early April text messages,[3] as is required to "initiate" a call within the meaning of the statute. *See Sheski v. Shopify (USA) Inc.*, No. 19-CV-06858-HSG, 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020) ("The FCC has concluded that 'a person or entity initiates a telephone call when it takes the steps necessary to physically place a telephone call.'") (additional quotation marks omitted) (quoting *In the Matter of the Joint Petition filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6583 ¶ 26 (2013)). Given the requisite level of involvement of the placing of the initial calls, Defendant argues there are no alleged facts to support any liability, let alone direct liability.[4]

The Court agrees that there are no facts detailing Alarm.com's involvement in *placing* any calls. Indeed, "the FCC further stated initiating a telephone call can mean either the person or entity that 'take[s] the steps necessary to physically place a telephone call' or that is 'so involved in the placing of a specific telephone call as to be deemed to have initiated it.'" *Hurley*

---

[3] "A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of [§ 227]." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016) (additional citation omitted).

[4] Curiously, Plaintiff maintains there is no vicarious liability claim at bar, but states in its pleadings "on information and belief" that Alarm.com or third parties "acting on its behalf" as agents made unsolicited pre-recorded calls and text messages. Dkt. 11 at 9 (citing Compl. ¶¶ 21, 33, 37). Defendant still refers to vicarious liability cases in its opposition, which are only partially applicable given Plaintiff's abandonment of the legal theory here. This includes a past Alarm.com case, *Vessal v. Alarm.com*, where the court found no allegations in the complaint that Alarm.com initiated calls in the sense of taking the steps to physically place a call. No. 17 C 2188, 2017 WL 4682736, at *2 (N.D. Ill. Oct. 18, 2017). The facts in *Vessal* are distinguishable in that the plaintiff alleged "entities were trying to sell her Alarm.com's home security system," and Alarm.com, the court said, "does not sell its services directly to consumers, but relies on a network of third-party dealers to generate subscribers. *Id.* at *1. Plaintiff Hicks renounces the reliance on third-party dealers in his Opposition. Dkt. 16 at 9.

8

**EXHIBIT A**

*v. Messer*, No. CV 3:16-9949, 2018 WL 4854082, at *3 (S.D.W. Va. Oct. 4, 2018) (quoting *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act 1991*, 30 FCC Rcd. 7961, 7980, ¶ 30 (2015) ("Omnibus Order") (internal quotation marks and citations omitted). The alleged text messages promoted "home alarm services," but labeling the sender of those texts as "Defendant" is conclusory on these facts. While the Court takes well-pleaded factual allegations as true at the motion to dismiss stage, the facts must indeed be "well-pleaded, nonconclusory factual allegations" to merit the assumption of veracity. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). Furthermore, the allegedly pre-recorded call from 954-507-9334 that Plaintiff attaches to the Complaint as an audio file identifies "Mark with Home Security Promotions," with no mention of Alarm.com. Dkt. 23. On the facts in the Complaint, there is not enough information to conclude that Defendant initiated the calls within the meaning of § 227(b).

Defendant further argues that the Complaint contradicts itself regarding the nature of the "pre-recorded" call from 954-507-9334. Plaintiff's support for the "pre-recorded" characterization of the call is that it was generic, impersonal, and "other consumers have complained about receiving calls transmitting the identical prerecorded voice message." Compl. ¶ 19. The Complaint includes a hyperlink to https://directory.youmail.com/directory/phone/9545079334, where, Defendant points out, the website does not mention Alarm.com and the other recordings on that website are not identical as a group or to the one Plaintiff provides. Dkt. 11 at 14.

Defendant proffers additional arguments for why the instant Complaint is deficient, though a complete discussion is unnecessary at this stage, as Plaintiff fails to state a claim under § 227(b).

9

**EXHIBIT A**

Section 227(c) protects subscriber privacy rights. Given the infirmities in the underlying Complaint, there is also insufficient basis to assign plausible liability to Defendant under § 227(c). Further, as Defendant argues, Plaintiff asserts his phone "is not associated with a business and is for personal use," Compl. ¶ 12, but the applicable regulations expressly apply to "residential telephone subscriber[s]," *see* 47 C.F.R. § 64.1200(c). Plaintiff argues at length that cellular phone numbers are eligible for listing on the Do Not Call registry—which appears to be undisputed—but his argument never returns to the facts of *this* case or the use of his phone. Perhaps easily addressed by amendment, this is another example of inadequate factual support for Plaintiff's claims. For these and other reasons stated in Defendant's briefs, there is no well-pleaded claim under § 227(c).

The VTTPA claim must fail at this stage for similar reasons as the parallel TCPA claim.

### B. 12(b)(1)

Defendant also moves to dismiss the action in its entirety based on a lack of Article III standing, specifically because Plaintiff fails to show causation or redressability as required. The arguments against causation and redressability are, of course, interconnected – because Plaintiff fails to allege facts to trace the injury to Alarm.com's conduct, there is likewise a failure to show redressability by Alarm.com. Finally, because Hicks lacks standing, Defendant argues he likewise lacks standing to bring suit on behalf of any putative classes.

Based on the deficiencies identified under Rule 12(b)(6), Plaintiff also fails to properly plead causation and redressability.

### C. 12(f)

Alternatively, Defendant asks the Court to strike paragraphs 19, 22, and 23 of the Complaint. Defendant describes several allegations in the operative Complaint as referring to

**EXHIBIT A**

anonymous posts on third-party websites and unadjudicated TCPA lawsuits against Alarm.com. Courts have held that "'[s]uperfluous historical allegations are a proper subject of a motion to strike,'" such as this one under Rule 12(f). *Woo v. Home Loan Grp., L.P.*, No. 07-CV-0202-H (POR), 2007 WL 6624925, at *5 (S.D. Cal. Jul. 27, 2007) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). Similarly, Defendant notes that unauthenticated and unadjudicated complaints in other cases or from anonymous sources may also be subject to strike. Alarm.com points to case law stating, "[a]s a general rule, 'paragraphs in a complaint that are either based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise not resolved, are, as a matter of law, immaterial within the meaning of Fed. R. Civ. P. 12(f).'" *In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, 934 F. Supp. 2d 1219, 1226 (C.D. Cal. 2013) (quoting *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 403 (S.D.N.Y. 2009)).

Paragraphs 19 and 22 allege that Plaintiff's claims are supported by other consumers' online complaints. Paragraph 19 cites to directory.youmail.com, a site where one can search for a phone number to "look up and report nuisance phone numbers." Defendant allegedly called Plaintiff with a pre-recorded voice from the number 954-507-9334, which the YouMail site shows is "high risk" and that "YouMail users report this number may be a scam."[5] Similarly, paragraph 22 states that there are "myriad online complaints" about Defendant's same unlawful telemarketing practices as evidenced at www.ShouldIAnswer.com. Dkt. 1 ¶ 22. The pre-recorded voice noted above allegedly invites the call recipient to dial 844-916-0448 in response; when entered into the search field at "Should I Answer," that number has a negative rating, as "9 users rated it as negative," categorized eight times as a telemarketer and one time as an

---

[5] *See* https://directory.youmail.com/directory/phone/9545079334 (last visited Aug. 4, 2020).

11

**EXHIBIT A**

unsolicited call.[6] Plaintiff also alleges support for the instant claims by stating, "Alarm.com has previously been sued over its TCPA violations." Dkt. 1 ¶ 23. There are no details or facts related to or in support of this assertion.

These paragraphs offer attenuated information that does little to support Plaintiff's claims. Even assuming these allegations are properly pinned to this Defendant, there remains insufficient factual information under § 227(b)(1)(B) that Defendant *initiated* the prerecorded call. Furthermore, the pre-recorded call does not specifically name Alarm.com, and the anonymous third-party reports on directory.youmail.com are not expressly linked to Defendant. Moreover, to characterize a total of nine anonymous online entries as "myriad online complaints" is hyperbolic and unsupported. The assertion related to other TCPA violations in paragraph 23 is similarly unpersuasive.

### IV. CONCLUSION

For these reasons, and others that need not be addressed herein, Defendant's Motion to Dismiss (Dkt. 11) is hereby **GRANTED**, and Plaintiff's Complaint (Dkt. 1) is hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have thirty days from the date of this order to amend the complaint should he be able to satisfy the applicable pleading standards.

It is **SO ORDERED**.

August 6, 2020  
Alexandria, Virginia

Liam O'Grady  
United States District Judge

---

[6] *See* https://www.shouldianswer.com/phone-number/8449160448 (last visited Aug. 4, 2020).

**EXHIBIT A**